******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ZARELLA, J., concurring. I agree with the majority that, because none of the claims raised by the defendant, Donald Saturno, has merit, the judgment of the trial court should be affirmed. I write separately, however, to reiterate my belief that the approach this court adopted in *State* v. *Geisler*, 222 Conn. 672, 684–85, 610 A.2d 1225 (1992), for analyzing state constitutional claims requires modification. As I stated in my concurrence in *State* v. *Skok*, 318 Conn. 699, 724, 122 A.3d 608 (2015), "[i]n my view, only three of the six factors articulated in *Geisler*—the text of our constitution, state constitutional history, and Connecticut precedent—are consistently relevant. The other three factors vary in their relevance. Although there may be occasions when federal case law illuminates the meaning of provisions in our state constitution, I believe the precedent of our sister states and economic and sociological considerations rarely, if ever, are useful for this purpose." Id., 725 (*Zarella, J.*, concurring).

In the present case, the majority correctly concludes that neither the text of the state constitution, its history, nor our precedent supports the defendant's claim under article first, § 7, of the Connecticut constitution. The majority nevertheless proceeds to consider the case law of other jurisdictions, as well as economic and sociological concerns, which I believe should play no role in our resolution of the defendant's claim. Accordingly, I respectfully concur.